**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

**WOODROW FLEMMING**,

                         Plaintiff,

    - v -                                                Civ. No. 9:13-CV-0816
                                                                          (DNH/RFT)

**NANCY SMITH**, *Nurse Administrator, Upstate
Correctional Facility*, **PAUL M. DUVALL**, *11 Block
Sgt., Upstate Correctional Facility*, **EDMUND BARR**,
*C.O., Upstate Correctional Facility*, **JOHN J. FINNOZZO**,
**GERALDINE WILSON**, *Nurse, Upstate Correctional
Facility*, **RICHARD ADAM**, *Med. Doctor, Upstate
Correctional Facility*,

                        Defendants.

| **APPEARANCES:** | **OF COUNSEL:** |
|---|---|
| **WOODROW FLEMMING**<br>Plaintiff, *Pro Se*<br>P.O. Box 146<br>New York, NY 10039 | |
| **HON. ERIC T. SCHNEIDERMAN**<br>Attorney General of the State of New York<br>Attorney for Defendants<br>The Capitol<br>Albany, NY 12224 | **ADRIENNE J. KERWIN, ESQ.**<br>Assistant Attorney General |

**RANDOLPH F. TREECE
United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

*Pro se* Plaintiff Woodrow Flemming brings this action, pursuant to 42 U.S.C. § 1983, alleging that after Defendants forced him to use the stairs without his walking cane he slipped, fell, and sustained a concussion for which they subsequently refused to provide medical treatment constituting a violation of the Eighth Amendment's bar on cruel and unusual punishment. Dkt. No.

1, Compl.¹ Defendants move to dismiss Plaintiff's Complaint on the grounds that he has failed to state a claim from which relief can be granted and because they are entitled to qualified immunity. *See generally* Dkt. No. 23-1, Defs.' Mem. of Law. Plaintiff opposes Defendants' Motion.² Dkt. No. 25.

## I. STANDARD OF REVIEW

On a motion to dismiss, the allegations of the complaint must be accepted as true. *See Cruz v. Beto*, 405 U.S. 319, 322 (1972). The trial court's function "is merely to assess the legal feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." *Geisler v. Petrocelli*, 616 F.2d 636, 639 (2d Cir. 1980). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by Davis v. Scherer*, 468 U.S. 183 (1984).

"Generally, in determining a 12(b)(6) motion, the court may only consider those matters alleged in the complaint, documents attached to the complaint, and matters to which the court may take judicial notice." *Spence v. Senkowski*, 1997 WL 394667, at *2 (N.D.N.Y. July 3, 1997) (citing *Kramer v. Time Warner Inc.*, 937 F.2d 767, 773 (2d Cir. 1991)). Moreover, "even if not attached or incorporated by reference, a document 'upon which [the complaint] *solely* relies and which is *integral to the complaint*' may be considered by the court in ruling on such a motion." *Roth v.*

---

¹ In addition to his Eighth Amendment claims, Plaintiff also alleged various other constitutional violations against the Defendants. *See generally* Compl. However, the Honorable David N. Hurd, United States District Judge, dismissed several claims and Defendants on July 31, 2013. *See* Dkt. No. 4, Dec. & Order, dated July 31, 2013.

² In addition to his Opposition, Plaintiff also submitted a DVD of video footage of the fall; however, as this information falls outside the four corners of the Complaint, we have not considered its contents for purposes of the instant Motion. *See* Dkt. No. 28.

*Jennings*, 489 F.3d 499, 509 (2d Cir. 2007) (quoting *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 47 (2d Cir. 1991)).

The court is bound to give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *See Retail Clerks Intern. Ass'n, Local 1625, AFL-CIO v. Scherm3erhorn*, 373 U.S. 746, 754 n.6 (1963); *see also Arar v. Ashcroft*, 585 F.3d 559, 567 (2d Cir. 2009). Nevertheless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Therefore, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted).

A motion to dismiss pursuant to Rule 12(b)(6) may not be granted so long as the plaintiff's complaint includes "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. at 697 (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. at 678. This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id*. In this respect, to survive dismissal, a plaintiff "must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'" *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 440 U.S. at 555). Thus, in spite of the deference the court is bound to give to the plaintiff's allegations, it is not proper for the court to assume that "the [plaintiff] can prove facts [which he or she] has not alleged, or that the defendants have violated the . . . laws in ways that have not been alleged." *Assoc.*

*Gen. Contractors of California, Inc. v. California State Council of Carpenters,* 459 U.S. 519, 526 (1983). The process of determining whether a plaintiff has "nudged [his] claims . . . across the line from conceivable to plausible," entails a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft v. Iqbal*, 556 U.S. at 679-80.

With this standard in tow, we consider the plausibility of Plaintiff's Complaint.

## II. BACKGROUND

The following summary of events is taken from Plaintiff's Complaint.

The events relevant to the instant action occurred while Plaintiff was incarcerated at Upstate Correctional Facility ("UCF"). *See generally* Dkt. No. 1. On September 28, 2010, Defendants Barr and Finnozzo, Corrections Officers ("C.O.") at UCF, knocked on Plaintiff's cell door and informed him that he had a disciplinary hearing. *Id.* at ¶ 11. Plaintiff asked for his walking cane, but was told by Barr and Finnozzo that Defendant Nurse Wilson had informed them that he was not using the cane. *Id.* Plaintiff requested that Defendants Barr and Finozzo check with the Defendant Sgt. Duvall, and they left and came back; upon returning, they informed Plaintiff that Defendant Sgt. Duvall had "said nurse said no." *Id.* Plaintiff informed both Defendants that he was going to go to his hearing and that if he fell it would be their fault. Defendants told Plaintiff to put his hands behind his back and Plaintiff protested, noting that he had a bad hip and shoulder and could not put his hands behind his back and walk. *Id.* at ¶ 12. When they reached the steps Plaintiff informed Defendants Barr and Finnozzo that he could not walk up the steps and asked to use the elevator instead, which they refused. *Id.* at ¶¶ 13–14. Plaintiff was escorted up two flights of stairs while Defendants Barr and Finnozzo held and helped him. *Id.* at ¶ 14.

After attending his disciplinary hearing, Plaintiff told Defendants Barr and Finozzo that he

could not walk down the stairs; nonetheless, Defendants Barr and Finozzo forced Plaintiff to walk down the steps. Defendants Barr and Finnozzo held Plaintiff and helped him down the stairs; however, Plaintiff slipped and fell down a flight of stairs hitting his head and hurting his neck shoulder, hip, and left side. *Id.* at ¶¶ 15–16. Thereafter, Plaintiff was taken to Alice Hyde Medical Center where he was diagnosed him with a concussion. *Id.* at ¶ 17; Dkt. 1-1, Pl.'s Exs., Pl.'s Discharge Instructions, dated Sept. 28, 2010.[3] Plaintiff was discharged from the hospital and sent back to UCF's infirmary for treatment and observation. Compl. at ¶ 18. After his subsequent discharge from UCF's infirmary,[4] Defendants Dr. Adam, Nurse Smith, and Nurse Wilson, denied Plaintiff any follow-up care with regard to his slip and fall. *Id.*

### III. ANALYSIS

#### A. Deliberate Indifference to a Known Substantial Risk of Harm

Plaintiff alleges that Defendants Smith, Duvall, Barr, and Finozzo violated his Eighth Amendment right to be free from cruel and unusual punishment when they forced Plaintiff to walk up and down two flights of stairs with his hands cuffed behind his back and without his walking cane despite the fact that they knew he had a "weak left side." *See, e.g.,* Compl. at ¶ 35.

The Eighth Amendment prohibits the infliction of cruel and unusual punishment and is applicable to the states through the Due Process Clause of the Fourteenth Amendment. *Robinson v. California*, 370 U.S. 660, 666-67 (cited in *Tramell v. Keane*, 338 F.3d 155, 161 (2d Cir. 2003)). To state an Eighth Amendment claim, a plaintiff must allege that prison officials both knew of and

---

[3] In ruling on a motion to dismiss, the Court may consider only "the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." *McCarthy v. Dun & Bradstreet Corp.,* 482 F.3d 184, 191 (2d Cir. 2007).

[4] The precise time and date of these transfers is unclear.

-5-

disregarded "an excessive risk to inmate health or safety." *Farmer v. Brennan,* 511 U.S. 825 (1994). Deliberate indifference exists only "when an official 'knows that inmates face a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it.'" *Harrison v. Barkley,* 219 F.3d 132, 137 (2d Cir. 2000) (quoting *Farmer v. Brennan,* 511 U.S. at 847). Mere negligence or "an ordinary lack of care" is insufficient. *Blyden v. Mancusi,* 186 F.3d 252, 262 (2d.Cir. 1999).

### 1. Nurse Wilson

Plaintiff alleges that despite her knowledge that Plaintiff required a cane to walk, Nurse Wilson told Defendants Duvall, Barr, and Finnozzo that he could not have or did not need his cane in order to attend his disciplinary hearing. Conspicuously absent from Plaintiff's allegations is any indication that Nurse Wilson knew that Plaintiff would have to walk upstairs in order to attend his hearing (as opposed, for example, to using the elevator). Thus, even accepting Plaintiff's allegations that Nurse Wilson knew that Plaintiff needed his cane to navigate the stairs as true, here there is no indication that Nurse Wilson was aware that as a result of her order Plaintiff would be forced to use the stairs without his cane, let alone that she consciously disregarded such a risk to his health and safety. At worse, Wilson's conduct might rise to the level of negligence, which is insufficient to state a deliberate indifference cause of action.

Accordingly, we recommend that Defendants' Motion be **GRANTED** as to Plaintiff's claim against Defendant Nurse Wilson for allegedly telling Defendants Duvall, Barr, and Finnozzo that Plaintiff did not need his cane. However, in keeping with the Second Circuit's direction that a *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated[,]"

we further recommend that Plaintiff be **GRANTED** leave to amend this claim. *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999) (internal quotation marks and citations omitted).

### 2. Defendant Duvall

According to Plaintiff, Defendant Sgt. Duvall told Defendants Barr and Finnozzo that Defendant Nurse Wilson told him that Plaintiff did not need a walking cane. Compl. at ¶¶ 11–12. Thus, by Plaintiff's own account, Defendant Duvall had no reason to suspect that Plaintiff needed a cane, and therefore, that by refusing Plaintiff's request for the cane he was placing Plaintiff at any significant risk of harm. Moreover, Defendant Sgt. Duvall was entitled to rely on Nurse Wilson's medical judgment that a cane was not medically necessary. *See Rodriguez v. McGinnis*, 2004 WL 1145911, at *19 (W.D.N.Y. May 18, 2004) (noting that prison official was entitled to rely on medical staff's recommendation that rear handcuffing was medically appropriate for inmate who complained the handcuffing procedure caused him to experience unnecessary pain).

Accordingly, we recommend that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiff's claim against Defendant Sgt. Duvall, and that he be **DISMISSED** from this action.

### 3. Defendants Barr and Finnozzo

According to Plaintiff, when Defendants Barr and Finnozzo first arrived at his cell to take him to his disciplinary hearing, he informed them he needed his walking cane to attend the disciplinary hearing. Plaintiff also alleges that Defendants Barr and Finnozzo informed him that Defendant Nurse Wilson had told them that he was not using the cane, and that due to his protests Defendants double checked with their supervisor, Defendant Sgt. Duvall, who confirmed that the cane was not allowed. Moreover, Plaintiff acknowledges that Defendants Barr and Finnozzo held

him and helped him while he climbed up and down the stairs. Accordingly, it cannot reasonably be implied that either Defendant consciously disregarded the alleged risk of harm, where, as here, they verified that he did not need the cane and physically assisted him while he navigated the stairs to prevent him from being harmed. The fact that Plaintiff ultimately slipped and fell despite Defendant Barr's and Defendant Finnozzo's efforts is, at best, the type of ordinary negligence claim which is not actionable under § 1983. *See Blyden v. Mancusi,* 186 F.3d at 262.

Therefore, we recommend that Defendants' Motion to Dismiss be **GRANTED** with respect to Plaintiff's claims against Defendants Barr and Finnozzo, and that these Defendants be **DISMISSED** from this action.

### B. Inadequate Medical Care

Plaintiff alleges that after he was discharged from the outside hospital, Defendants Nurse Wilson, Nurse Smith, and Dr. Adam refused to provide him with any followup medical care or treatment. Compl. at ¶ 18.

To state an Eighth Amendment claim for denial of adequate medical care, a prisoner must demonstrate that prison officials acted with "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "[T]he plaintiff must allege conduct that is 'repugnant to the conscience of mankind' or 'incompatible with the evolving standards of decency that mark the progress of a maturing society.'" *Ross v. Kelly*, 784 F. Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir. 1992) (quoting *Estelle v. Gamble*, 429 U.S. at 102, 105-06). To state a claim for denial of medical care, a prisoner must demonstrate (1) a serious medical condition and (2) deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834-35 (1994); *Hathaway v. Coughlin ("Hathaway I")*, 37 F.3d 63, 66 (2d Cir. 1994).

The seriousness element, which is an objective test determining whether a deprivation of care is sufficiently serious, "entails two inquiries." *Salahuddin v. Goord*, 467 F.3d 263, 279 (2d Cir. 2006) (citations omitted). First, courts must determine "whether the prisoner was actually deprived of adequate medical care." *Id.* Medical care is "adequate" where the care provided is a "reasonable" response in light of the "health risk" the inmate faces. *Id.* at 279–80. The second inquiry requires a determination of "whether the inadequacy in medical care is sufficiently serious." *Id.* at 280. In cases where medical care is denied, courts focus on the seriousness of the underlying medical condition. *Id.* (citing *Smith v. Carpenter*, 316 F.3d 178, 185–86 (2d Cir. 2003); *see also Brock v. Wright*, 315 F.3d 158, 162-63 (2d Cir. 2003) (internal quotation marks and citations omitted) (noting that an inmate is not required to show "that he or she experiences pain that is at the limit of human ability to bear, nor [does the court] require a showing that his or her condition will degenerate into a life threatening one").

Documents attached to Plaintiff's Complaint reveal that Doctors at Alice Hyde Medical Center diagnosed him with a concussion. Pl.'s Exs., Pl.'s Discharge Instructions. Plaintiff fails to provide any additional details in his Complaint about the alleged medical consequences of this injury, when and from whom he sought medical attention after his return to UCF, or what medial attention was withheld. Such vague and conclusory allegations are insufficient to survive a motion to dismiss. *See Flemming v. Wright*, 2013 WL 4804493, at *12 (N.D.N.Y. Sept. 9, 2013) ("Although headaches[,] [a concussion,] and nosebleeds can, if sufficiently severe, constitute serious medical conditions, Plaintiff has not pleaded factual material sufficient to make a facially plausible showing that they were in his case. Moreover, even if I were to assume for purposes of this motion that Plaintiff has satisfied the objective element, his conclusory allegation that he complained to

Defendants, without any factual detail whatsoever regarding the alleged complaints and the individual Defendants' responses, cannot be found sufficient to satisfy the subjective element—a showing of deliberate indifference by Defendants—of his Eighth Amendment claim.").

Alternatively, this claim should be dismissed because it is duplicative. Plaintiff already filed the very same claim against Dr. Adam and Nurse Smith in a separate action in this District. On July 14, 2011, Plaintiff filed *Flemming v. Wright*, claiming, *inter alia*, that "[o]n September 28, 2010, [he] fell and was taken to the emergency room at the Alyce Hyde Medical Center in Malone, New York, . . . [And that,] his concussion was never addressed after he returned to Upstate. . . . Plaintiff claims that he had head pain and nose bleeds and complained about them to Defendants Adams, Smith, Waterson, Atkinson, Sullivan, Lordi, Conklin, Hammac, Travers, White, Holmes, Griffith, R. Cook, and Schruyer over the nine months following his concussion." *Flemming v. Wright*, 2013 WL 4804493, at *4. On July 14, 2011, while his previous action remained pending,[5] Plaintiff filed the instant Complaint, alleging essentially the same facts but adding Nurse Wilson as a Defendant. *See generally* Compl.

It is well established in the Second Circuit that, "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000)) (citing *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976)). Court's have the power to dismiss such duplicative lawsuits in order to "foster judicial economy . . . [and] protect parties from the vexation of concurrent litigation over the same subject matter." *Id.* (internal quotation marks and citations omitted). Underlying this policy is the principle that "plaintiffs have no right to maintain

---

[5] Final Judgment was not entered in *Flemming v. Wright* until July 24, 2014.

two actions on the same subject in the same court, against the same defendant at the same time." *Id.* at 138-39 (citations omitted). Courts have similarly applied this doctrine to a single duplicative claim lodged within a lawsuit containing additional non-duplicative claims as well. *See Taylor v. Rodriguez*, 238 F.3d 188, 197 (2d Cir. 2001) (finding district court did not abuse its discretion by dismissing one claim within plaintiff's complaint as duplicative); *Hofelich v. Ercole*, 2010 WL 102758, at *6–7 (S.D.N.Y. Jan. 11, 2010) (dismissing a single claim against one defendant as duplicative). Nevertheless, "[a] court must be careful, when dismissing a second suit between the same parties as duplicative, not to be swayed by a rough resemblance between the two suits without assuring itself that beyond the resemblance already noted, the claims asserted in both suits are also the same." *Curtis v. Citibank, N.A.*, 226 F.3d at 136. Yet, a court "is not required to conduct an exhaustive comparison" between the two complaints. *New Phone Co. v. City of New York*, 498 F.3d 127, 129 (2d Cir. 2007).

The only difference between the instant Complaint and that of *Flemming v. Wright*, is that the instant Complaint contains less detail, an additional defendant, and Plaintiff's allegations that his fall was caused by the deliberate indifference of Defendants Wilson, Duvall, Barr, and Finnozzo. Accordingly, as this claim is both duplicative and conclusory,[6] we recommend that Defendants' Motion to Dismiss be **GRANTED** and Defendants Wilson, Smith, and Adams be **DISMISSED** from this action.

---

[6] We need not grant Plaintiff the right to amend the instant pleading in accordance with the Second Circuit's holding in *Gomez v. USAA Fed. Sav. Bank,* 171 F.3d 794, 795 (2d Cir.1999), because Plaintiff was already granted leave to amend this claim when he raised it for the first time in *Flemming v. Wright. See Flemming v. Smith*, 2014 WL 3698004, at *3 (N.D.N.Y. July 24, 2014) (noting that Plaintiff was granted leave to amend his concussion claim in *Flemming v. Wright*, but failed to do so).

### C. Qualified Immunity

In their Memorandum of Law, Defendants argue that Wilson, Duvall, Barr, and Finnozzo are entitled to qualified immunity. Defs.' Mem. of Law, at pp. 4–5 Notes 2-4. However, as Plaintiff has failed to plausibly allege that any of the Defendants violated his constitutional rights, we need not discuss whether these Defendants are entitled to qualified immunity. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) ("If no constitutional right would have been violated were the allegations established, there is no necessity for further inquiries concerning qualified immunity.").

Accordingly, we recommend that Defendants' Motion be **DEEMED MOOT** as to qualified immunity.

### IV. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Defendants' Motion to Dismiss (Dkt. No. 23) be **GRANTED** and that Defendants Duvall, Smith, Adam, Barr, and Finnozzo be **DISMISSED** from this action; and it is further

**RECOMMENDED**, that Plaintiff be **GRANTED LEAVE TO AMEND** his claim that Defendant Wilson purposefully withheld permission for him to use a walking cane; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.</u>** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing

*Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: August 20, 2014
       Albany, New York

Randolph F. Treece
U.S. Magistrate Judge