**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

WOODROW FLEMMING,

                          Plaintiff,

           - v -                                 Civ. No. 9:13-CV-816
                                                       (DNH/RFT)

GERALDINE WILSON, *Nurse*, *Upstate Correctional Facility*,

                          Defendant.

**APPEARANCES:**                                **OF COUNSEL:**

WOODROW FLEMMING
Plaintiff, *Pro Se*
P.O. Box 146
New York, New York 10039

HON. ERIC T. SCHNEIDERMAN                  ADRIENNE J. KERWIN, ESQ.
Attorney General of the State of New York      Assistant Attorney General
Attorney for Defendants
The Capitol
Albany, New York 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

      The Clerk has sent to the Court for review an Amended Complaint filed by *pro se* Plaintiff Woodrow Wilson. Dkt. No. 35, Am. Compl. By way of background, Plaintiff initiated this action in July 2013, against several Defendants, claiming each violated his constitutional rights while he was incarcerated at Upstate Correctional Facility. Dkt. No. 1, Compl. Plaintiff complained that he was injured on September 28, 2010, after he was forced to ambulate to a disciplinary hearing, which was held on the second floor and required him to traverse a flight of stairs. Plaintiff asked permission to use his cane, but permission was refused based upon information received from Nurse

Geraldine Wilson. With the aid of correction officers, Plaintiff arrived at the disciplinary hearing unscathed by the walking escapade, but, unfortunately despite his escort back to his cell, he fell down a flight of stairs while en route to his cell.

Pursuant to the authority granted by 28 U.S.C. § 1915A,[1] the Honorable David N. Hurd, United States District Judge, dismissed several Defendants and causes of action, leaving only Eighth Amendment claims against Defendants Richard Adam, Edmund Barr, Paul M. Duvall, John J. Finnozzo, Nancy Smith, and Geraldine Wilson. Dkt. No. 9, Dec. & Order. In lieu of answering, the Defendants moved to dismiss the Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim; Plaintiff opposed that Motion. Dkt. No. 23, Defs.' 12(b)(6) Mot.; Dkt. No. 25, Pl.'s Resp. On August 20, 2014, the undersigned issued a Report-Recommendation and Order wherein it was recommended that Defendants' Motion be granted and all claims be dismissed. Dkt. No. 31, Rep.-Rec. & Order. With regard to Defendant Wilson, the Court found the Complaint to be woefully deficient in terms of allegations of fact regarding the denial of the use of his cane, and in light of Plaintiff's *pro se* status and mindful of the Second Circuit's preference that *pro se* litigants be provided an opportunity to amend claims prior to outright dismissal, I recommended that Plaintiff be given leave to amend "his claim that Defendant Wilson purposefully withheld permission for him to use a walking cane[.]" *Id*. at p. 12. The invitation to amend was not extended to any other claim addressed in that Report-Recommendation and Order. On September 29, 2014, Judge Hurd issued a Decision and Order adopting this Court's Report-Recommendation and Order in all respects. Dkt. No. 34, Dec. & Order. Therein, Judge Hurd "granted [Plaintiff] leave to amend

---

[1] Plaintiff did not seek permission to proceed with this action *in forma pauperis* and instead paid the full filing fee; thus, the initial screening of the Complaint was not performed pursuant to the authority granted in 28 U.S.C. § 1915(e).

his claim that defendant Wilson purposefully withheld permission for him to use a walking cane." *Id*. at p. 2. In accordance with the time-frame set forth in that Decision and Order, Plaintiff filed an Amended Complaint on October 27, 2014. Dkt. No. 35, Am. Compl.

The Court has reviewed the entire Amended Complaint submitted for filing and finds that it fails to cure any deficiency identified in the Report-Recommendation and Order. Not only is the Amended Complaint devoid of any allegations of fact regarding Nurse Wilson, but Plaintiff also improperly has named Defendants and included claims that have already been dismissed from this action.

Thus, for all the reasons stated in this Court's prior Report-Recommendation and Order, we recommend that the Amended Complaint be dismissed for failure to state a claim and this matter be closed.

### III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Amended Complaint be **DISMISSED** and this action be closed; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. §

636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: March 12, 2015
Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge